UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| **Divine Cement Inc.**, | ) | CASE NO. 23-02422 |
| | ) | |
| DEBTOR. | ) | HON. A. Benjamin Goldgar |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Monday, July 10, 2023**, **at 9:30 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **United States Trustee's Motion To Convert Or Dismiss Case Pursuant To 11 U.S.C. §1112(B) And For Other Relief**, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 500 0972**, **Passcode 726993**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

*/s/ M. Gretchen Silver*
M. Gretchen Silver, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(312) 353-5054

## CERTIFICATE OF SERVICE

I, M. Gretchen Silver, Trial Attorney, certify that on June 22, 2023, I caused to be served copies of the **United States Trustee's Motion To Convert Or Dismiss Case Pursuant To 11 U.S.C. §1112(B) And For Other Relief** on the ECF Registrants shown below via the Court's Electronic Notice for Registrants and via First Class US Mail on all other entities shown at the addresses listed below.

*/s/ M. Gretchen Silver*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- **Matthew Brash**     mbrash@newpointadvisors.us, I003@ecfcbis.com
- **Amy N. Carollo**     amyc@chilpwf.com, fundcounsel@gmail.com;taniam@chilpwf.com;vedranaa@chilpwf.com
- **Catherine M. Chapman**     cchapman@baumsigman.com, dfarrell@baumsigman.com
- **Matthew L. Hendricksen**     mhendricksen@plunkettcooney.com, lsavitch@plunkettcooney.com
- **Jeffrey A Krol**     krol@johnsonkrol.com, docket@johnsonkrol.com;issa@johnsonkrol.com
- **Patrick S Layng**     USTPRegion11.ES.ECF@usdoj.gov
- **Michael Leifman**     mleifman@vedderprice.com, ecfdocket@vedderprice.com,michael-leifman-7374@ecf.pacerpro.com
- **Ariel Weissberg**     ariel@weissberglaw.com, Hava@weissberglaw.com;rakesh@weissberglaw.com;oleh@weissberglaw.com;6010998420@filings.docketbird.com

**Parties Served via First Class Mail:**

23-02422|BayFirst National Bank, successor in interes| |||||undeliverable
23-02422|Divine Cement Inc. |527 Vera Court|Joliet, IL 60436-1895||||
23-02422|U.S. Bankruptcy Court|Eastern Division|219 S Dearborn|7th Floor|Chicago, IL 60604-1702||
23-02422|AMERICAN HIGHWAY |190 Resource Drive|Fernley, NV 89408-8921| |||
23-02422|Bank of the West |Special Assets Department|1625 Fountainhead Pkwy, FL10|Tempe, AZ 85282-2371| ||
23-02422|Blu Petroleum |c/o Mark A Van Donselaar|2 S. Whitney St|Grayslake, IL 60030-1548| ||
23-02422|Cement Masons Local 502 |739 25th Avenue|Bellwood, IL 60104-1954| |||
23-02422|Chase Credit Card |3157 Farnam St Ste 7101|Omaha, NE 68131-3569| |||

23-02422|Citizen One Auto Finance |405 N Eola Rd Ste D|Aurora, IL 60502-9647| |||
23-02422|COMMERCIAL CREDIT GROUP INC|525 N TRYON STREET|STE 1000|CHARLOTTE NC 28202-0210|||preferred
23-02422|EIDL SBA Loan Direct Loan |14925 Kinsport|Fort Worth, TX 76155-2243| |||
23-02422|Elite Concrete Cutting Services,Inc |6425 Hummingbird Lane|Matteson, IL 60443-3327| |||
23-02422|Environmental Recycling & Disposal |2145 Moen Ave|Rockdale, IL 60436-9018| |||
23-02422|First Home Bank Florida |c/o Tim Klein|700 Central Ave|Saint Petersburg, FL 33701-3631| ||
23-02422|Hometown National Bank |c/o Collection Professionals, Inc.|723 First Street|La Salle, IL 61301-2535| ||
23-02422|ILLINOIS DEPARTMENT OF REVENUE|BANKRUPTCY UNIT|PO BOX 19035|SPRINGFIELD IL 62794-9035|||preferred
23-02422|KOMATSU AMERICA CORP|ATTN BEA BARRY|8770 W BRYN MAWR AVENUE STE 100|CHICAGO IL 60631-3782|||preferred
23-02422|Laborers Pension Fund |c/o Amy Carollo|111 W. Jackson Blvd, Ste 1415|Chicago, IL 60604-3868| ||
23-02422|Latrisha Horton |1450 E 74th St.|Apt. 1|Chicago, IL 60619-2128| ||
23-02422|Lawrence Green |6209 South Ridge|Plainfield, IL 60586-5215| |||
23-02422|Lei Hu |23W469 Spyglass Ct|Naperville, IL 60540-9598| |||
23-02422|Local 11 Cement Masons |c/o Baum Sigman Auerbach &  Neuman,|200 West Adams Street, Suite 2200|Chicago, IL 60606-5231| ||
23-02422|Local 150 Operators |Midwest Operating Engineers|6150 Joliet Road|Countryside, IL 60525-3994| ||
23-02422|McCann Industries, Inc. |c/o Jason Martin Loebach|901 Warrenville Dr., Suite 103|Lisle, IL 60532-4309| ||
23-02422|Old Second Bank |c/o Tob Zubik|1529 S State Street Unit 4G|Chicago, IL 60605-3012| ||
23-02422|Original Concrete Pumping Svc., Inc |840 Fairway Drive|Bensenville, IL 60106-1368| |||
23-02422|Ozinga Redi Mix |c/o Jordan Peloquin|19001 Old Lagrange Rd|Mokena, IL 60448-8012| ||
23-02422|Patrice Green |6209 South Ridge|Plainfield, IL 60586-5215| |||
23-02422|Prairie Material |c/o Jason Martin Loebach|901 Warrenville Rd., Suite 103|Lisle, IL 60532-4309| ||
23-02422|R&M Convey and Concrete Pumping |209 MULFORD DR|Elgin, IL 60120-4545| |||
23-02422|Roland Machinery |816 N. Dirksen Parkway|Springfield, IL 62702-6115| |||
23-02422|STPCONSTRUCTION ACCOUNTING SERVICES |20520 SUPERIOR CT|Crest Hill, IL 60403-0732| |||
23-02422|The Hartford Financial Services |c/o Leviton Law Firm, Ltd.|One Pierce Place, Suite 725W|Itasca, IL 60143-1234| ||
23-02422|The Huntington National Bank |14701 S La Grange Rd|Orland Park, IL 60462-3226| |||
23-02422|Will County Treasurer |302 N. Chicago Street|Joliet, IL 60432-4059| |||
23-02422|World Fuel Services, Inc. |Teller Levit & Silvertrust, P.C|19 S La Salle St,|Chicago, IL 60603-6369| ||
23-02422|Ariel Weissberg |Weissberg & Associates, Ltd|564 W. Randolph Street|2nd

Floor|Chicago, IL 60661-2219||
23-02422|Matthew Brash |Newpoint Advisors Corporation|5600 N. River Road|Suite 800|Rosemont, IL 60018-5166||
23-02422|Patrick S Layng |Office of the U.S. Trustee, Region 11|219 S Dearborn St|Room 873|Chicago, IL 60604-2027||

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 Proceeding |
| | ) | |
| **Divine Cement, Inc.,** | ) | Case No. **23-02422** |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

### UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE PURSUANT TO 11 U.S.C. §1112(b) AND FOR OTHER RELIEF

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, M. Gretchen Silver, moves pursuant to 11 U.S.C. § 1112(b), for an order limiting notice to that given, dismissing or converting the above captioned Chapter 11 case to Chapter 7 for "cause," or in the alternative, dismissing the case (the "Motion"). In support of the Motion, the U.S. Trustee states:

### JURISDICTION

1. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

4. The Debtor commenced this subchapter V chapter 11 case on February 23, 2023. Mathhew Brash was appointed the subchapter V Trustee.

5. The Debtor has admitted since the date of filing that it is not operating and that it is seeking a "strategic alliance" with an operating construction company with sufficient cash flow to carry the Debtor until the Debtor begins to cash flow again.

6. Debtor has not identified any strategic partner, even in its Plan of Reorganization, which the Debtor filed May 24, 2023.

7. Debtor has failed to timely file Monthly Operating Reports. The last report filed is for March 2023.

8. In relevant part, §1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

9. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). The list is not exhaustive, and a court may convert or dismiss cases for reasons other than those specifically identified in §1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

### I. CAUSE EXISTS CONVERT BECAUSE DEBTOR FAILED TO TIMELY FILE MONTHLY OPERATING REPORTS.

10. The "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause" to convert or dismiss a case. *See* 11 U.S.C. § 1112(b)(4)(F). Debtors are required to file periodic operating reports during the pendency of a Chapter 11 case. *See* 11 U.S.C. §§ 704(a)(8); 1106(a)(1); 1107(a); Fed. R. Bankr. P. 2015. Moreover, debtors must file periodic financial reports of the

value, operations, and profitability for any entity in which they hold a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3.

11. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). The reports are necessary to provide financial information about the debtor, and "a report filed late may be the practical equivalent of a failure to file any financial information at all." *In re Hyperion Found., Inc.*, No. 08-51288-NPO, 2009 WL 2477392, at *6 (Bankr. S.D. Miss. Aug. 11, 2009). A Chapter 11 debtor who fails to timely file monthly operating reports thus fails to "satisfy timely [a] filing or reporting requirement established by" the Bankruptcy Code, which in turn constitutes "cause to convert or dismiss" the debtor's case. *See* 11 U.S.C. §§ 1112(b)(1) & (b)(4)(F); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("Refusal or inability to provide financial disclosure sounds the death knell of a [C]hapter 11 case. The failure to file monthly operating statements … whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings.") (internal quotations and citations omitted).

12. In the present case, Debtor has failed to timely file the required monthly operating reports during this case. The only report filed, which was filed timely, was for March 2023. This deficiency makes it difficult for creditors and the U.S. Trustee to determine the true post-petition financial position of the Debtor. The Debtor's failure to timely file these reports is cause for conversion under 11 U.S.C. § 1112(b)(4)(F).

## II. CAUSE EXISTS TO CONVERT BECAUSE DEBTOR'S ESTATE SUFFERS FROM A SUBSTANTIAL OR CONTINUING LOSS TO OR DIMINUTION OF THE ESTATE AND DEBTOR LACKS A REASONABLE LIKELIHOOD OF REHABILITATION.

13. The Court may dismiss a case for "cause" if the Court finds that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A); *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009). There are two elements to consider under Section 1112(b)(4)(A): (i) a "substantial or continuing loss to or diminution of the estate," and (ii) the "absence of a reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A). Both elements are present here.

### a. SUBSTANTIAL OR CONTINUING LOSS TO OR DIMINUTION OF ESTATE

14. Courts have held that a "[n]egative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard for purposes of § 1112(b).'" *Nester v. Gateway Access Sols., Inc. (In re Gateway Access Sols., Inc.)*, 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007); *see also In re Schriock Constr.,* 167 B.R. 569, 575 (Bankr. D.N.D. 1994) ("This element can be satisfied by demonstrating that the debtor incurred continuing losses or maintained a negative cash flow position after the entry of the order for relief.") "Negative cash flow means that the estate's current liabilities are increasing more rapidly than cash is available to pay as due." 7 *Collier on Bankruptcy* ¶ 1112.04[6][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

15. In this case, the Debtor has admitted that it is not operating and is not generating revenue. However, it has continuing expenses, even if the only expense is that of the trustee. Debtor's counsel and its accountant. The lack of MORs makes it impossible to determine whether other

administrative expenses are accruing. These facts are sufficient to justify a finding of continuing loss to the estate or a diminution of the estate.

### b. Absence of Reasonable Likelihood of Rehabilitation

16. "Courts usually require the debtor do more than manifest unsubstantiated hopes for a successful reorganization." *In re Canal Place Ltd. P'ship*, 921 F.2d 569, 577 (5th Cir. 1991). Courts have also found that a debtor lacks a reasonable likelihood of rehabilitation where its only source of income is speculative. *See In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 743-44 (Bankr. N.D. Ill. 2004). Moreover, rehabilitation has been defined as whether the debtor will be able to reestablish its business - "the standard under section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Costa Bonita Beach Resort Inc.*, 479 B.R. 14, 43 (Bankr. D.P.R. 2012) (quoting 7 *Collier on Bankruptcy* ¶ 1112.04[6][a][ii]).

17. The Court should dismiss or convert this case because the Debtor has no realistic prospects for reorganization after five months in subchapter V.

18. Finally, although the Debtor has proposed a plan, it is illusory since it admits there is no "strategic ally" with which Debtor can partner to restart its business and generate cash flow. Further delay is not in the best interest of creditors.

### III. SHORTENED NOTICE

19. The U.S. Trustee requests that notice be shortened to that given. The U.S. Trustee has provided more than 7 days' notice of this Motion. Cause exists to shorten notice due to the Debtor's continuing failure to timely file financial reports, among other things, and in the interest of judicial economy.

## IV. CONCLUSION

20. Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1112(b) to dismiss or convert this case to Chapter 7.

WHEREFORE, the U.S. Trustee respectfully requests this Court enter an order limiting notice of this motion to that given, dismissing or converting the case to Chapter 7, and for such other relief as this Court deems just.

                                      RESPECTFULLY SUBMITTED:

                                      PATRICK S. LAYNG
                                      UNITED STATES TRUSTEE

Dated: June 22, 2023                       BY: *M. Gretchen Silver*
                                        M. Gretchen Silver, Attorney
                                        Office of the U.S. Trustee
                                        219 S. Dearborn St., #873
                                        Chicago, Illinois 60604
                                        (312) 353-5054